IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RANDALL SHOTTS, ET-5846,       )
    Petitioner,              )
                             )
    v.                       )  2:11-cv-599
                             )
JOHN WETZEL, et al.,           )
    Respondents.             )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Randall Shotts, an inmate at the State Correctional Institution at Pittsburgh has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below, the petition will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    Shotts is presently serving a 30½ to 133 year sentence imposed following his conviction, upon a plea of guilty to multiple charges of burglary, theft, receiving stolen property, criminal mischief, trespass, aggravated assault, simple assault, recklessly endangering another person, risking a catastrophe, driving under the influence, fleeing or attempting to elude a police officer, possession of a controlled substance, possession of drug paraphernalia, unauthorized use of a motor vehicle, criminal attempt and criminal conspiracy at Nos. 1385 C 1999, 1608 C 1999, 1609 C 1999, 1620 V 1999, 507 C 2000, 1761 C 2000, 4734 C 2000, 4735 C 2000, 4736 C 2000, 4737 C 2000, 4738 C 2000 and 4739 C 2000 in the Court of Common Pleas of Westmoreland County, Pennsylvania. This sentence was imposed on June 11, 2001.[1] No appeal was pursued.[2]

    On July 14, 2002, Shotts filed a post-conviction-petition.[3] On May 2, 2003, the post-conviction court dismissed the petition as untimely on all claims except the one count on which the petitioner had been resentenced, namely 4735 C 2000 and the latter claim was dismissed as

---

[1] See: Petition at ¶¶ 1-6.
[2] See: Petition at ¶9(g).
[3] See: Petition at ¶ 11.

1

moot.[4] An appeal was pursued and the Superior Court on January 26, 2006 reversed the dismissal as to all cases except 4734 C 2000, 4737 C 2000 and 4739 C 2000 and remanded the other cases for consideration on the merits.[5]

An amended post-conviction petition was filed and following a hearing, relief was denied on April 18, 2007.[6] An appeal was taken to the Superior Court in which the questions presented were:

> I. Was trial counsel ineffective for failing to obtain any discovery from the Commonwealth in preparation for the Appellant's trial/guilty plea?
>
> II. Was trial counsel ineffective in failing to properly advise the Appellant of the possible range of sentences for the multitudinous crimes with which he was charged?
>
> III. Was trial counsel ineffective for encouraging the Appellant to enter a general plea of guilty in a case with such an inordinate number of charges and likelihood of a severe and consecutive sentence?
>
> IV. Did trial court error in determining that the Appellant's guilty plea was knowing, intelligent, and voluntary?
>
> V. Was trial counsel ineffective for failing to object to the Commonwealth filing separate Criminal Informations on the within cases?[7]

On March 16, 2010, the Superior Court affirmed the denial of post-conviction relief.[8] Leave to file a petition for leave to appeal nunc pro tunc was filed in the Pennsylvania Supreme Court raising these same issues,[9] and leave to appeal was denied on December 7, 2010.[10]

In the instant petition executed on April 8, 2011, Shotts contends he is entitled to relief on the following grounds:

> 1. Ineffective assistance of counsel.
> 2. Failure/refusal of trial court to give proper credit of time served while awaiting trial.
> 3. Was sentenced illegally on many of my charges and the court proceeded without jurisdiction on a charge.

---

[4] See: Answer at p.695a.
[5] See: Answer at 428a-441a.
[6] See: Answer at 677a-694a.
[7] See: Answer at 486a.
[8] See: Answer at 520a-529a.
[9] See: Answer at p.535a.
[10] See: Answer at 584a.

    4.   Violation of US Constitution – 5th amendment (double jeopardy/due process) by the prosecuting attorney.[11]

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, as the Commonwealth correctly observes, the convictions at Nos. 4734 C 2000, 4737 C 2000 and 4739 C 2000 became final on July 11, 2001, thirty days after those sentences became final under Pennsylvania law.[12] The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. Since the instant petition was executed on April 8, 2011, further consideration of those cases is time barred here. Thus, we need only address the petitioner's claims on the remaining cases.

The background to this prosecution is set forth in the March 16, 2010 Memorandum of the Superior Court:

---

[11] See: Petition at ¶ 12.
[12] Rule 903 Pa.R.App.P. and Answer at 440a.

Shotts entered a general plea of guilty to a host of cases involving charges of burglary, theft by unlawful taking, receiving stolen property, aggravated assault, criminal conspiracy, and criminal mischief. The Honorable Richard E. McCormick, Jr. sentenced Shotts to a term of imprisonment of from 30½ to 133 years on June 11, 2001. Shotts filed a petition for reconsideration of sentence on June 21, 2001. Shotts listed a variety of case numbers under which he had been convicted and asked the court to reconsider and reduce his sentence. On June 17, 2001, the trial court reduced Shotts's sentence at case number 4735 C 2000. However, the trial court also found his other claims as to whether the court failed to consider Shotts's cooperation with the authorities concerning widespread corruption within the Westmoreland County Prison and whether the sentence imposed was well beyond the ten to twenty years cited in a plea bargain agreement to be without merit. The trial court also replaced Shotts's attorney, citing ineffectiveness of counsel. Shotts then file a *pro se* petition for PRCA relief on July 16, 2002. Following the receipt of this initial petition, the trial court ruled that Shotts was an indigent and therefore eligible for counsel under Pa.R.Crim.P. 904. The court appointed Rachel Morocco, Esquire, as Shotts's counsel. Subsequently, the trial court allowed Morocco to file an amended [PCRA] petition on Shotts's behalf. By order dated May 2, 2003, Judge McCormick dismissed as untimely the [PCRA] petition at every case save 4735 C 2000. Judge McCormick allowed the PCRA petition for 4735 C 2000 because Shotts's petition for reconsideration of sentence was based upon this case number.

Thereafter, on May 24, 2003, Shotts filed a *pro se* appeal to this Court from the May 2, 2003 order denying his first PCRA petition. This appeal was sent to the Office of the Prothonotary of the Superior Court of Pennsylvania. On June 19, 2003, the Office of the Prothonotary, pursuant to the Pennsylvania Rules of Appellate Procedure, sent a letter to the Clerk of the Courts in Westmoreland County and to Shotts stating that the appeal was being sent back to Westmoreland County and requesting that Shotts take action to make the appeal comply with the requirements stipulated in the Rules of Appellate Procedure. The letter directed Shotts to send the appeal back to the Superior Court once the appeal conformed to the rules. Attorney Morocco did not file anything with the court on Shotts's behalf. That same date, Judge McCormick held a hearing on the PCRA petition relating to the charge brought under 4735 C 2000. Judge McCormick dismissed the PCRA petition, ruling that Shotts's had already received the remedy prayed for in his initial re-sentencing motion.

On February 17, 2004, the trial court allowed Rachel Morocco to withdraw from the case after Shotts had filed a complaint against Morocco with the Disciplinary Board. On December 6, 2004, Shotts asked the trial court to schedule a status hearing in the PCRA matter. Thereafter, on January 27, 2005, the court appointed Sharon L. Wigle, Esquire, to represent Shotts. Attorney Wigle then filed a notice of appeal on March 28, 2005. Judge McCormick directed Shotts to file a Concise Statement of Matters Complained of on Appeal on March 31, 2005, which Attorney Wigle filed. Judge McCormick, in the Rule 1925(a) Order, dismissed the

appeal stating that Shotts's notice of appeal was beyond the thirty day time period which an appeal must be filed from a lower court ruling.[13]

The Superior Court in reviewing the second post-conviction petition concluded that "appellant failed to file a motion to withdraw his plea either before or after sentencing, and, more importantly, never filed a direct appeal, this issue [whether his plea was knowingly, intelligently and voluntarily entered] is waived. See: 42 Pa.C.S. § 9544(b)".[14] Additionally, the Superior Court also concluded that "all of appellant's ineffectiveness claims could have, and **should have**, been raised in a direct appeal. Having failed to argue plea counsel's ineffectiveness at the first opportunity he was represented by new counsel, appellant has waived these contentions for our review" (emphasis in original).[15] Accordingly, the Superior Court affirmed the denial of post-conviction relief. However, additionally, the Court noted in footnote 9:

> [W]ere we to address appellant's challenge to his guilty plea colloquy, we would find it to be meritless. Counsel testified during the PCRA hearing that he informed appellant of the maximum sentence that he could receive for each charge, and told him that the trial judge could impose the sentences to run consecutively. The trial court found counsel's testimony credible, a determination that we will not overturn on appeal…[16]

Thus, the Superior Court concluded that under Pennsylvania law, the petitioner had failed to preserve his issues for appeal and for this reason, they were waived. As a matter of state law, the determination is conclusive here. Waddington v Sarausad, 129 S.Ct. 823, 832 n.5 (2009); Taylor v. Horn, 504 F.3d 416 (3d Cir.2007), cert. denied 129 S.Ct. 92 (2008).

In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

---

[13] See: Answer at pp.520-522.
[14] See: Answer at p.525.
[15] See: Answer at pl.527.
[16] See: Answer at p.528.

Because no such showing is made here, the petitioner has defaulted the available state court remedies on these issues and no further consideration of these issues is warranted here.

Nevertheless, even if a procedural default had not occurred, the petition here is subject to dismissal. Shotts' second, third and fourth issues, i.e., that he was not properly credited with time severed prior to trial toward his sentence, that the court was without jurisdiction to impose sentence on some of the charges, and the violations of double/jeopardy, were never presented to the state courts for their consideration in the first instance and for this reason are not properly preserved for this Court's consideration. 28 U.S.C. 2254(b)(1)(A); Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973).

Thus, although the state courts concluded that the petitioner had failed to mount a timely challenge to his guilty plea and for this reason his claim here is procedurally defaulted, even if the default had not occurred, it does appear that he is seeking to raise this issue here by claiming that counsel was ineffective during the plea proceedings. A habeas petitioner seeking to challenge a guilty plea must demonstrate that the plea was not entered knowingly, voluntarily and intelligently with full awareness of all circumstances. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005).

In this instance case, at the guilty plea hearing held on February 26, 2001 the petitioner testified that he was able to read, write and understand the English language (p.587a); that he understood all the charges, his rights and the possible sentences that could be imposed (p.588a); that no threats or promises had been made to him (p.589a); that his plea was a general plea and not subject to any plea agreement (p.589a) and that he was pleading to all his charges (p.590a).

At the post-conviction hearing held on April 18, 2007, trial counsel, Brian D. Aston testified that he represented the petitioner (p.742a); that plea negotiations had taken place (p.749a); that one of the problems was that the petitioner had provided detailed confessions relating to the charges (pp. 749a, 755a); that he discussed the offered plea of ten to twenty years with the petitioner (pp. 751a, 770a); that the trial judge had commented that he thought ten to twenty years was a long sentence in light of the petitioner's cooperation on other matters (p.751a); that he tried to enlighten the petitioner about his options including a discussion of the sentencing guidelines as well as the option of the judge to impose the sentences either concurrently or consecutively (pp,752a-753a, 758a-759a, 769a-770a); that he never gave the

6

petitioner any assurances as to what the possible sentence would be (pp.754a, 763a); that he believed that if less work was imposed on the District Attorney, such as engaging in discovery, the more amenable the prosecutor would be to a lower sentence (p.756a); that the petitioner never requested to proceed to trial (p.758a); that the petitioner believed the plea offer of ten to twenty years was excessive (p.758a); that he reviewed the guilty plea forms with the petitioner (p.761a); that he was stunned by the length of the sentence imposed (p.765a) and that the possible sentencing options were "astronomical … because of the sheer volume of cases and … counts" involved (p.771a).

At the post-conviction hearing the petitioner testified that he had never discussed his statements and the police reports with his attorney (p.774a); that he did not want to go to trial and was seeking to gain the best deal he could get (p.775a); that he was told of the proposed ten to twenty year agreement and the judge's reaction to that agreement and then elected to reject the offer and enter a general plea (pp.775a, 780a); that counsel had reviewed the possible sentences which could be imposed for the various offenses (p.776a); that while counsel did not predict what sentence would be imposed he "guestimated" that it would be in the five to ten year range (p.781a); that counsel recommended a general plea (p.782a); that he never knew of the possibility of receiving a thirty to one-hundred-thirty year sentence at the time of his plea (p.783a) and that at the plea hearing he testified that he understood that the judge could imposed any sentence he deemed appropriate including consecutive sentences (p.792a). After hearing these allegations, the post-conviction court concluded that the petitioner's testimony was not credible.[17] As a credibility finding this conclusion is not subject to challenge here. Langella v. Anderson, 612 F.3d 938 (8th Cir. 2010).

Thus, even if this issue was properly before this Court, because there is nothing in the record demonstrating that the petitioner's conviction was obtained in any manner contrary to the laws of the United States as determined by the Supreme Court, 28 U.S.C.§ 2254(d)(1), the petition of Randall Shotts for a writ of habeas corpus will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

---

[17] See: Answer at p.688a.

ORDER

AND NOW, this 20th day of September, 2011, for the reasons set forth in the foregoing Memorandum, the petition of Randall Shotts for a writ of habeas corpus is dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied.

        s/ Robert C. Mitchell

        United States Magistrate Judge